■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL S. HICKMAN, Appellant. — Main, J. P. Appeal from a judgment of the County Court of Albany County (Turner, J.), rendered October 4, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Defendant's sole claim on this appeal is that his sentence is harsh and excessive. A negotiated plea agreement was reached and County Court set forth the terms of the agreement, including the sentence agreed upon as a condition of defendant's guilty plea, on the record (CPL 220.50 [5]; 340.20 [4]). The guilty plea was entered on September 6, 1984, after the August 31, 1984 effective date of the Laws of 1984 (ch 671), which abrogates a defendant's appeal as of right from a sentence resulting from a negotiated plea of guilty when the sole ground for the appeal is that the sentence is harsh and excessive (CPL 450.10 [1], [2], as amended by L 1984, ch 671, §§ 3, 4) and which applies to guilty pleas entered after such effective date (L 1984, ch 671, § 7). Thus, defendant cannot pursue this appeal as of right and, under the procedure now applicable, must seek permission to appeal (CPL 450.15 [3], as added by L 1984, ch 671, § 5). Accordingly, even though the People failed to identify and raise this issue, we are without jurisdiction and defendant's appeal must be dismissed.

Were we to reach the merits, we would affirm. Defendant was sentenced in accordance with a negotiated plea agreement and he presents no extraordinary circumstances to indicate that his

sentence is harsh and excessive. We take note of defendant's lengthy criminal record. That another participant in the crime might have received a less severe sentence than defendant would not, in and of itself, warrant a modification of defendant's sentence (*see, e.g.,* 35 NY Jur 2d, Criminal Law, § 2645, p 119), especially in light of the facts that defendant pleaded guilty knowing the sentence to be imposed and has a lengthy criminal record.

Appeal dismissed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.